IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF
AMERICA

*v.*

EMANUEL GRAY

Criminal Action No.

1:18-CR-487-SCJ

### Jury Charge

The following is the Court's jury charge in the criminal action United States of America v. Emanuel Gray, Criminal Action No. 1:18-CR-487-SCJ.

*[Jury Charge Begins on Next Page]*

1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:18-CR-487-SCJ |
| EMANUEL GRAY | |

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal

difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

If the Government offers evidence that a Defendant made a statement or admission to someone after speaking with a law enforcement officer, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

Minors, in this case people under the age of 18, do not have the legal capacity to give consent to engage in sexual activity. With regard to Counts One, Three, and Five, whether or not the minors consented to engage in sexually explicit conduct or to the production of a visual depiction thereof, or otherwise voluntarily participated is irrelevant, as the consent or voluntary participation of the minors is not a defense to those charges.

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

The indictment charges five separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

The indictment charges the Defendant with three different offenses: (i) Counts One and Three charge the Defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a); (ii) Counts Two and Four charge the Defendant with cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B); and (iii) Count Five charges the Defendant with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). I will explain the law governing each of these offenses in a moment.

It's a Federal crime for any person to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, if the person knows or has reason to know that the visual depiction will be transported in interstate commerce by any means, including by computer or cellular telephone **or** the visual depiction has been transported in interstate commerce by any means, including by computer or cellular telephone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

(3) either (a) the Defendant knew or had reason to know that the visual depiction would be transported in interstate commerce; or (b) the visual depiction was actually transported in interstate commerce.

While the Government must prove that a purpose of the sexually explicit conduct was to produce a visual depiction, it need not be Defendant's only or dominant purpose.

The term "interstate commerce" means the movement of a person or property from one state to another state. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the Defendant knew that the visual depiction had moved in interstate commerce.

A cellular telephone and the Internet are each facilities of interstate commerce.

The term "minor" means any person who is less than 18 years old.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage

facility or communications facility directly related to or operating in conjunction with that device, but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices that are limited in function to only word-processing or mathematical calculations.

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails.  In this case the Defendant is charged in Count**s One and Three** with attempting to commit **production of child pornography.**

The Defendant can be found guilty of **production of child pornography** only if all the following facts are proved beyond a reasonable doubt:

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

(3) either (a) the Defendant knew or had reason to know that the visual depiction would be transported in interstate commerce; or (b) the visual depiction was actually transported in interstate commerce.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

> <u>First</u>: That the Defendant knowingly intended to commit the crime of **production of child pornography**; and

> <u>Second</u>: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

It's a federal crime to use the mail or any facility in interstate commerce, including interactive computer services or electronic communication services or systems, with the intent to harass or intimidate another person.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant **knowingly** used any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;

(2) That the defendant did so with the intent to harass or intimidate another person; and

(3) that through the use of any interactive computer service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person.

"Course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

A cellular telephone and the Internet are each facilities of interstate commerce.

It's a Federal crime for any person to knowingly possess an electronic device which contains any visual depiction having been produced using a minor engaging in sexually explicit conduct and that has been shipped and transported using any means or facility of interstate or foreign commerce or has been produced using materials which have been shipped and transported in and affecting interstate and foreign commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) that the defendant knowingly possessed one or more electronic devices containing a visual depiction;

(2) that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(3) that the visual depiction was of a minor engaging in sexually explicit conduct;

(4) that the defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and

(5) that the visual depictions had been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or were produced using material that had been shipped or transported in interstate or foreign commerce by any means including a computer.

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the Defendant knew that the visual depiction had moved in interstate or foreign commerce.

A cellular telephone and the Internet are each facilities of interstate commerce.

The term "minor" means any person who is less than 18 years old.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device, but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices that are limited in function to only word-processing or mathematical calculations.

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral anal, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

24

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

whether the depiction appears to have been designed to elicit a sexual response in the viewer.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.